Dear Mr. Gegenheimer:
This opinion is rendered in response to the following written request, dated December 4, 2008:
Your office is considering adopting and implementing a plan and executing contracts, with terms and conditions fulfilling the requirements of Article 258 of the Code of Civil Procedure regarding filing of electronic records. You have requested an opinion as to whether such electronic filings will fulfill the registry requirements of the Civil Code and its ancillaries, including Article 1839 and Title XXII — of Registry, and whether they will constitute due notice to third parties from the moment your office accepts the electronic records for filing.
Article 258 of the Code of Civil Procedure states that:
 A. Notwithstanding any provision of law to the contrary, a clerk of court, as ex officio recorder, the Orleans Parish register of conveyances or its successor, or the Orleans Parish recorder of mortgages or its successor, hereinafter referred to as "recorder", is authorized but not required to adopt and implement a published plan which shall include a written contract between the clerk of court, the Orleans Parish register of conveyances, or its successor, or the Orleans Parish recorder of mortgages, or its successor, and the filer, which complies with the Louisiana Uniform Electronic Transactions Act, R.S. 9:2601 et seq., and which provides for the acceptance of an electronic record of any recordable written instrument except original maps, plats, property *Page 2 
descriptions, or photographs as related to the work of a professional surveyor engaged in the "Practice of Land Surveying" as defined in R.S. 37:682 for filing and recording submitted by any person, department, political subdivision, agency, branch, entity, or instrumentality of Louisiana or of the federal government or of a state-chartered or federally chartered financial institution insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration. The filer of such an electronic record shall certify to the recorder that the written instrument from which the electronic record is taken conforms to all applicable laws relating to the form and content of instruments which are submitted in writing.
 B. Immediately after acceptance of an electronic record for filing, the recorder shall endorse such record with the date, hour, and minute it is filed. An electronic filing received on a legal holiday or at any time other than during the normal business hours of the recorder shall be accepted for filing on the next business day by the same procedure followed when a paper document is received in the mail of the recorder at any time other than during normal business hours.
 C. An electronic record shall be effective with respect to a third person from the time of its filing in the same manner as if the written instrument had been filed.
The plan and contracts of C.C. Art. 258 must comply with the requirements of the Louisiana Uniform Electronic Transaction Act, R.S.9:2601, et seq., which provides for the acceptance and electronic recording, with certain stated exceptions, of any recordable written instrument. The specific requirements for such contracts and for the creation of the electronic records themselves, are not germane to the requested opinion, except as discussed below. The requirements and applicability of the Act are summarized in Louisiana Practice Series,Louisiana Real Estate Transactions, Chapter 7-III, § 7.34, by Peter S. Title, as follows:
§ 7:34. Louisiana Uniform Electronic Transaction Act In 2001 the Louisiana Uniform Electronic Transactions Act was enacted, comprised of La Rev Stat Ann §§ 9:2602 [sic] to 2620. The act is intended to and shall be construed to constitute an enactment or adoption of the Uniform Electronic Transactions Act as approved and recommended for enactment in all states by the National Conference of Commissioners on Uniform State Laws in 1999. The Act, with certain exceptions, gives legal recognition to electronic records, electronic signatures and electronic contracts. If a law requires a record to be in writing, an electronic record satisfies the law, and if a law requires a record to be in writing, an electronic signature satisfies the law. La Rev Stat Ann § 9:2607. If a law requires a signature of record to be *Page 3 
notarized, acknowledged, verified, or made under oath, the requirement is satisfied if the electronic signature of the person authorized to perform those acts, together with all other information required to be included by other applicable law, is attached to or logically associated with the signature of record. La Rev Stat Ann § 9:2611. Real estate transactions are not excluded from the coverage of the Act. The Act applies, however, only to transactions between parties, each of which has agreed to conduct the transaction by electronic means. La Rev Stat Ann § 9:2605(B)(1).
Based on the above reasoning, the Louisiana Uniform Electronic Transactions Act is applicable to real estate transactions, but only those real estate transactions between parties who have contracted to conduct their transaction by electronic means.
Louisiana Civil Code Title XXII — Of Registry, includes Articles 3338
through 3368, which are applicable to all instruments which create real rights in immovables. Article 3338 lists such instruments as those that transfer an immovable, establish real rights in or over an immovable, lease an immovable, create options and contracts related to buying, selling or leasing an immovable, or modify, terminate or transfer such rights. Under La.C.C. Arts. 1839 and 3338, all such instruments must be filed for registry in the appropriate mortgage or conveyance records in order to have effect against third parties.
Under La.C.C. Art. 3346, the effect of recordation arises when an instrument is filed with the recorder. An instrument is filed with the recorder when he accepts it for recordation in his office. The effective time of filing, or recordation, is determined by a time stamp affixed to the instrument and the registry number assigned to it, both of which must be immediately affixed by the recorder. La.C.C. Art. 3348. The registry number is required, because, under La.C.C. Art. 3349, if two instruments have the same time of filing, then the sequence of filing is determined by the registry number.
The requirements of La.C.C.P. Art. 258 are entirely consistent with the relevant provisions of Civil Code Title XXII, including Articles 3346-3349
regarding recordation, and with La.C.C. Art. 1839. Under La.C.C.P. Art.258(A), the clerk of court, under a published plan including a written contract between the clerk of court and the filer, and complying with R.S. 9:2601, et seq., may accept an electronic record of a recordable instrument for filing and recordation.
Under La.C.C.P. Art. 258(B), the recorder, immediately after accepting an electronic record for filing, must endorse the record with the date, hour, and minute it is filed. This is consistent with La.C.C. Art. 3348, except that Article 3348 requires, in addition, that the recorder shall assign a registry number, which is mandatory.
Under La.C.C.P. Art. 258(C), the electronic record shall be effective with respect to a third person from the time of its filing in the same manner as if the written *Page 4 
instrument had been filed. This requirement is consistent with that of La.C.C. Art. 1839 and 3338, which require that, in order to be effective as to third parties, the written instrument must be recorded in the appropriate mortgage or conveyance records.
There is an additional requirement of La.C.C. Art. 3352, regarding the information which should be contained in a recordable instrument:
A. An instrument shall contain the following information when appropriate for its type and nature:
 (1) The full name, domicile, and permanent mailing address of the parties.
 (2) The marital status of all of the parties who are individuals, including the full name of the present spouse or a declaration that the party is unmarried. (3) A declaration as to whether there has been a change in the marital status of any party who is a transferor of the immovable or interest or right since he acquired it, and if so, when and in what manner the change occurred. (4) The municipal number or postal address of the property, if it has one. (5) The last four digits of the social security number or the taxpayer identification number of the mortgagor, whichever is applicable. (6) The notary's identification number or the attorney's bar roll number and the typed, printed, or stamped name of the notary and witnesses if the instrument is an authentic act of, or an authenticated act by, a notary.
Although the above information appears to be mandatory, La.C.C. Art.3352(B) states that a recorder ". . . shall not refuse to record an instrument because it does not contain the information required by this Article. The omission of that information does not impair the validity of an instrument or the effect given to its recordation." The above information should be included in any recordable instrument, whether written or electronic, but the instrument can still be accepted for recordation without the information.
Based on the above analysis, the Clerk of Court may adopt and implement a published plan and execute a contract which contains terms and conditions fulfilling the requirements of C.C.P. Art. 258 and La.R.S.9:2601, et seq., for the recordation of electronic documents affecting immovable property. Electronic filing of recordable instruments pursuant to such plan and contracts will fulfill the registry requirements of the Civil Code, including Article 1839 and Title XXII — Of Registry. The recordation is subject to three caveats:
 1. In order to determine the exact time and sequence of filing, the Clerk of Court must assign, in addition to the date stamp, a registry number, immediately upon accepting the document for filing; *Page 5 
 2. The Clerk of Court should require that all documents filed electronically contain the information required by La.C.C. Art. 3352; and,
 3. Original maps, plats, property descriptions, or photographs as related to the work of a professional surveyor engaged in the "Practice of Land Surveying" cannot be accepted for electronic filing.
The electronic filing will constitute due notice to third parties from the moment the Clerk of Court actually records the document in the appropriate conveyance or mortgage records. Assuming that electronic filing will immediately effect such recordation, and will make the indexed information immediately available to anyone who cares to search the records, then the electronic filing or recordation will constitute due notice to third parties from the moment the Clerk of Court accepts the documents for filing.
I trust that the above has adequately responded to your inquiries. If we may be of further service, please do not hesitate to contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 __________________________ Terry F. Hessick Assistant Attorney General
 JDC:TFH:jv